# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JAMES OWENS, III,<br><br>*Plaintiff,*<br><br>v.<br><br>Sergeant JESSICA CHRISTIAN, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:17-cv-00190-TES-CHW |

**ORDER DENYING MOTION TO AMEND COMPLAINT**
_____

On March 14, 2018, Plaintiff James Owens, III, filed a document titled "Motion to Amend attaching an Amended Complaint Answer To Order," [Doc. 17] which the Court construes as a motion to amend his complaint.[1] For the following reasons, his motion is **DENIED**.

## FACTUAL BACKGROUND

Plaintiff alleges in his Complaint that Houston County Detention Center employees removed his prayer rug from his cell; choked him; ripped the cover off of his Quran; handcuffed him and denied him food, toilet paper, and the ability to pray for 13 hours; and refused to treat him for high blood pressure and numbness in his hands from being handcuffed. [Doc. 1, pp. 11-12]. Upon initial review, the United States Magistrate

---

[1] Plaintiff filed his complaint on May 17, 2017 [Doc. 1], and Defendants filed their answer on December 7, 2017 [Doc. 14]. Because Plaintiff filed his motion to amend complaint on March 14, 2018 (more than 21 days after serving his complaint), he must seek and receive leave of court to amend. *See* Fed. R. Civ. P. 15(a).

Judge assigned to the case determined that Plaintiff's allegations regarding his inability to pray and the damage to his Quran failed to state a claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000c *et seq.* ("RLUIPA"). [Doc. 7, pp. 7-9]. He also found that Plaintiff failed to state a due-process claim for the confiscation of his property [*id.* at pp. 11-12] and failed to state a claim for deliberate indifference to a serious medical need [*id.* at pp. 13-14]. However, the Magistrate Judge found that Plaintiff sufficiently pled an excessive-force claim against Defendants Christian, Westbrook, Filipovich, Ivey, and Sears for being choked and handcuffed for more than 13 hours [*id.* at pp. 10-11] and a conditions-of-confinement claim against the same Defendants for their alleged deprivation of food and hygiene products [*id.* at p. 12]. Finally, the Magistrate Judge recommended that former-Defendants Craig, Daoust, and Barlow be dismissed for Plaintiff's failure to allege that those defendants were associated with the constitutional violations alleged in his complaint. [*Id.* at p. 14].

Plaintiff objected to the Magistrate Judge's recommendation that former-Defendants Craig, Daoust, and Barlow be dismissed. [Doc. 12]. Nevertheless, the Court adopted the Magistrate Judge's recommendations over Plaintiff's objection, noting that "Plaintiff objects to the dismissal of the Defendants as a whole, but he does not raise any specific objection to the dismissal of those three Defendants for the reasons stated in the [Magistrate Judge's Order and Recommendation]." [Doc. 16, p. 2]. Even so, the Court

2

allowed Plaintiff 30 days to file a motion to amended his complaint to allege specific claims against former-Defendants Craig, Daoust, and Barlow. [*Id.* at p. 3].

Nine days later, Plaintiff filed the instant motion [Doc. 17], in which he primarily appears to seek leave to amend his complaint to include a retaliation claim and an access-to-courts claim.[2] He claims that his "writing materials [are] limited," that "Houston County Detention Facility has been holding [his] legal mail for several days before it's given to [him]," and that prison officials have "denied [him] access to certain stuff" in the hopes that this lawsuit will be dismissed. [Doc. 17, pp. 1-2]. He also claims that he has "been getting abused since [he has] three pending lawsuits" and that "the Detention Facility is hiding [him] in segregation confinement because of lawsuits." [*Id.* at p. 2]. The Court construes these allegations as Plaintiff's attempt to amend his complaint to add claims for denial of access to courts in violation of the First and Fourteenth Amendments and retaliation in violation of the First Amendment.

## DISCUSSION

### A. Standard of Review

Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely grant leave to amend when justice so requires. However, the Court may deny leave to amend "(1)

---

[2] Plaintiff also objects to the Court's explanation that "Defendant Barlow's name is misspelled in the [Magistrate Judge's Order and Recommendation as 'Barrow']." [Doc. 16, p. 1 n.1]. Plaintiff explains that "the deputies don't wear name tags and most deputies here won't tell you their full name nor how to spell it." [Doc. 17, p. 1]. However, the misspelling of Defendant Barlow's name had no bearing on the substantive determinations in the Court's order adopting the Magistrate Judge's recommendation and dismissing Defendant Barlow.

where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). An amendment is futile, for example, "when the complaint as amended is . . . subject to dismissal because . . . it fails to state a claim for relief." *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017) (quoting *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004)).

B.  **Access-to-Courts Claim**

Plaintiff first alleges that his "writing materials [are] limited," that "Houston County Detention Facility has been holding [his] legal mail for several days before it's given to [him]," and that prison officials have "denied [him] access to certain stuff" in the hopes that this lawsuit will be dismissed. [Doc. 17, pp. 1-2]. These claims are probably made in response to the Court's determination that he failed to file a timely objection to the Magistrate Judge's Order and Recommendation. *See* [Doc. 16, p. 1 ("The Magistrate Judge's recommendations on October 5, 2017 triggered the fourteen-day (14) period provided under 28 U.S.C. § 636(b)(1) for the parties to file written objections. Plaintiff's objection was due on or before October 23, 2017. Plaintiff filed the objection on November 16, 201[7]. Plaintiff did not seek an extension of time within which to file a written objection. The Court will, however, consider the objection.") (internal citations omitted)].

4

To the extent he seeks to assert a claim for denial of access to courts, he fails to state a claim.

"Access to courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002)).[3] To have standing to seek relief under this right, a plaintiff must show actual injury by "demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or . . . impeded." *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (alterations omitted) (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). "Examples of actual injury include 'missing filing deadlines or being prevented from presenting claims.'" *Denney v. Nelson*, 304 F. App'x 860, 863 (11th Cir. 2009) (quoting *Wilson v. Blankenship*, 163 F.3d 1284, 1290 n.10 (11th Cir. 1998)).

In this case, Plaintiff has sufficiently alleged that he was hindered in filing his objection to the Magistrate Judge's Order and Recommendation because of the actions of prison officials; however, he has not alleged that he was *actually injured* by this hinderance. The only example of injury detailed in his motion is his failure to file his

---

[3] In this case, any access-to-courts claim alleged against the current Defendants would be one brought under the First and Fourteenth Amendments, rather than the Fifth Amendment, given that the Defendants are state—and not federal—actors. *See Carter v. Price*, No. 2:13-cv-01575-AKK-JEO, 2014 WL 5877807, at *4 (N.D. Ala. Nov. 12, 2014) ("The plaintiff, a state prisoner, is alleging that state officials have [ ] deprived him of access to courts. Therefore, a Fifth Amendment claim is not a proper ground upon which to assert his access to courts right.").

objection in a timely manner, but the Court considered the late objection anyway and addressed the concerns contained in it. Because Plaintiff has not alleged an actual injury, he fails to state a claim for denial of access to courts, and his request to add such a claim to his complaint is futile.

C. **Retaliation Claim**

Plaintiff also alleges that he is being retaliated against for filing lawsuits related to his confinement. A prison official violates the First Amendment when he disciplines a prisoner for exercising his free-speech rights in the form of a lawsuit or a grievance related to his conditions of confinement. *Smith v. Governor of Alabama*, 562 F. App'x 806, 815 (11th Cir. 2014) (citing *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989)). In order to prove such a retaliation claim, the prisoner must show "(1) that his speech or act was constitutionally protected, (2) that he suffered an adverse action from prison officials that would deter a person of ordinary firmness from engaging in such speech or act, and (3) that the protected speech or conduct and adverse action were causally connected." *Id.* (citing *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008)). For the last prong, "the plaintiff must show that, as a subjective matter, a motivation for the [ ] adverse action was the prisoner's grievance or lawsuit." *Governor of Alabama*, 562 F. App'x at 815.

Plaintiff alleges in his Motion to Amend that he has "been getting abused since [he] ha[s] three pending lawsuits" and that "the [Houston County] Detention Facility is hiding [him] in segregation confinement because of lawsuits." [Doc. 17, p. 2]. Filing a

6

lawsuit is constitutionally-protected conduct, *see Governor of Alabama*, 562 F. App'x at 815, and to be sure, abuse and placement in administrative segregation are adverse actions. However, Plaintiff fails to state who abused him for filing suit and who placed him in administrative segregation, and 42 U.S.C. § 1983 "requires proof of an affirmative causal connection between the actions taken by a *particular person* under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (quoting *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982)) (emphasis added). Because Plaintiff's allegations fail to specify who deprived him of his First Amendment rights, he fails to state a claim under Section 1983, and his request to add a retaliation claim, like his request to add an access-to-courts claim, is futile.

## CONCLUSION

Having found that the amendments Plaintiff seeks to add to his complaint are futile, the Court **DENIES** his Motion to Amend [Doc. 17].

**SO ORDERED**, this 15th day of November, 2018.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**